```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

STEPHEN D. SATCHER,

      Plaintiff,

v.                                                 Civil Action No: 1:12-07674

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**I.   Background**

By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). The magistrate judge submitted his proposed findings and recommendation ("PF&R") and recommended that the court deny plaintiff's application to proceed without prepayment of fees or costs, (Doc. No. 1), and dismiss plaintiff's complaint, (Doc. No. 2).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. Plaintiff timely filed objections, (Doc. No. 5), and, as a result, the court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 646(b)(1). Because plaintiff's objections are

without merit, the court adopts the PF&R and dismisses petitioner's petition.

## II. Analysis

On November 11, 2012, plaintiff filed a complaint alleging claims under the Federal Tort Claims Act ("FTCA").[1] Plaintiff's first claim is one for false imprisonment in which he contends that "[t]he United States, through the USMS and the FBOP, has unlawfully imprisoned plaintiff in violation of the Due Process Clause, federal statutes and the law of West Virginia." (Doc. No. 2 at 3). Plaintiff's second claim is one for abuse of process. In support of this claim, plaintiff states that the "United States, through the USMS and the FBOP has abused the [j]udicial and [e]xecutive process for committing the plaintiff to federal prison for detention and execution of his federal sentence, in that the said federal agencies has [sic] willfully misused the imprisonment process to decrease economic cost of the same and to make it more convenient for both federal agencies to carry out the imprisonment process." Id. at 5. Plaintiff's allegations stem from the failure of the United States Marshals Service to endorse the "Return" portion of

---

[1] Plaintiff's complaint is, almost verbatim, a copy of another complaint filed in this district. See Ephraim v. United States, Civil Action No. 1:11-cv-0785. Neither plaintiff's complaint nor his objections to the PF&R persuade the court that the ultimate disposition of plaintiff's case should vary from Ephraim.

2

plaintiff's Judgment and Commitment Order when it delivered him to Federal Correctional Institute ("FCI") Beckley to begin serving his federal sentence.[2]  Instead, a FBOP official signed plaintiff's Commitment Order.

Magistrate Judge VanDervort recommended the dismissal of plaintiff's complaint on the ground that his claims herein are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or a sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.[3]  Noting that plaintiff had not demonstrated that his criminal conviction has been invalidated, Magistrate Judge VanDervort concluded that plaintiff's claims herein are subject to the Heck bar.  See Ballenger v. Owens, 352 F.3d 842, 847 (4th Cir. 2003) (holding that a plaintiff's illegal search and

---

[2] The form has a signature line for a Deputy Marshal to sign on behalf of the United States Marshal.
[3] While Heck was a § 1983 case, numerous courts have applied it to FTCA actions.  Matthews v. United States, No. 1:12cv1473 (LO/TCB), 2015 WL 164805, at *3 n.2 (E.D. Va. Jan. 12, 2015) (and authorities cited therein).

3

seizure claim against state trooper under § 1983 was not cognizable because judgment in plaintiff's favor would have implied the invalidity of conviction).

Plaintiff's sole objection to the PF&R is to Magistrate Judge VanDervort's determination that Heck's rule bars his complaint.  According to plaintiff, his complaint challenges the "lawfulness of the 'process' used by the US Marshals to commit him to federal prison."  (Doc. No. 5 at 3).  As a result, plaintiff objects to the conclusion that Heck bars his FTCA claim, as "the unlawfulness of his commitment in no way implies that his conviction and sentence is unlawful."  Id.

While plaintiff is correct, as a general matter, that false imprisonment claims do not always necessarily implicate the validity of a conviction or sentence, in this case, a judgment in his favor would do so.  In West Virginia, a plaintiff alleging false imprisonment must prove "(1) the detention of the person, and (2) the unlawfulness of the detention and restraint."  Riffer v. Armstrong, 477 S.E.2d 535, 555 (W. Va. 1996) (quoting Williams v. Glen Alum Coal Co., 78 S.E. 94 (W. Va. 1913)) (emphasis added).  Therefore, the only way plaintiff can prevail on his false imprisonment claim is to show that his conviction and/or sentence are illegal.  And, of course, to do so under the facts and circumstances of this case would necessarily imply that his conviction and/or sentence are

invalid. Therefore, Magistrate Judge VanDervort was correct that plaintiff's false imprisonment claim is barred by Heck and his objection is overruled.

Plaintiff's abuse of process claim is subject to dismissal for failure to state a claim. In West Virginia, "abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." Williamson v. Harden, 585 S.E.2d 369, 372 (W. Va. 2003) (quoting Preiser v. MacQueen, 352 S.E.2d 22, 28 (W. Va. 1985)). As the court explained in Preiser:

> Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance . . . . The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

Preiser, 352 S.E.2d at 28 n.8 (quoting W. Prosser, Handbook of the Law of Torts § 121 (1971)); see also Deel v. W. Va. EMS Tech. Support Network, Inc., Civil Action No. 2:06-1064, 2009 WL 2366524, at *3 (S.D.W. Va. July 24, 2009).

5

Even accepting as true the factual allegation of plaintiff's complaint, his allegations fall woefully short of stating an abuse of process claim. Plaintiff has not alleged a "willful or malicious misuse" of process, nor has he alleged the requisite improper purpose. For these reasons, his abuse of process claim was properly dismissed and his objection is overruled.[4]

---

[4] Like Mr. Ephraim, plaintiff previously contended in a § 2241 habeas case that his judgment and commitment order was invalid because it was not properly executed and returned by the United States Marshals Service and that his detention was unlawful. Satcher v. Hogsten, Civil Action No. 1:13-cv-00466 (S.D.W. Va. Oct. 17, 2013). The court disagreed and dismissed Satcher's petition. See id. (and the authorities cited therein); aff'd Satcher v. Hogsten, 576 F. App'x 221 (4th Cir. 2014).

Although under a different guise, it is clear that plaintiff believes that he is entitled to relief for the failure of the United States Marshals Service to execute the return on his Judgment and Commitment Order. However, no authority for this proposition exists. See Hall v. Loretto, 556 F. App'x 72, 73 (3d Cir. 2014) ("Hall has not cited, nor have we located, any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released."). 18 U.S.C. § 3621(c) provides that "[w]hen a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order with the return endorsed thereon, shall be returned to the court that issued it." (emphasis added). The statute requires only that the return be endorsed, not that the United States Marshal Service be the one to do it.

6

### III. Conclusion

Accordingly, the court **OVERRULES** plaintiff's objections to Magistrate Judge VanDervort's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** plaintiff's application to proceed without prepayment of fees and costs, (Doc. No. 1), **DISMISSES** plaintiff's complaint, (Doc. No. 2), and **DIRECTS** the Clerk to remove this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

**IT IS SO ORDERED** on this 7th day of October, 2015.

          ENTER:

          *David A. Faber*
          David A. Faber
          Senior United States District Judge